**Philip E. PINKS, Plaintiff–Appellant,**

**Janet L. Pinks, Plaintiff,**

v.

**LOWE'S HOME CENTERS, INC.,
Defendant–Appellee.**

No. 03–3744.

United States Court of Appeals,
Sixth Circuit.

Nov. 28, 2003.

Philip E. Pinks, pro se, Dunkirk, OH, for Plaintiff–Appellant.

Robert B. Fitzgerald, Baran, Piper, Tarkowsky, Fitzgerald & Theis, Lima, OH, for Defendant–Appellee.

Before NORRIS and GILMAN, Circuit Judges; and BUNNING, District Judge.*

## ORDER

Philip E. Pinks, a pro se Ohio resident, appeals a district court grant of summary judgment for defendant in this personal injury action filed under the district court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pinks filed his complaint in the district court by counsel, alleging that he was injured when a Lowe's Home Centers employee dropped a door on his head. In the midst of discovery, defendant moved to dismiss plaintiff's complaint. Plaintiff subsequently filed an amended complaint, and the district court denied defendant's motion to dismiss as moot. Although plaintiff initially contended that he did not go to Lowe's to buy doors, defendant established through discovery that plaintiff enlisted an employee's assistance to retrieve doors from an upper shelf, and that plaintiff was injured when the employee handed a door down to plaintiff. Following discovery, defendant moved for summary judgment. Plaintiff responded in opposition, defendant filed a reply, and plaintiff filed a

---

* The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

supplemental response in opposition. The district court granted defendant's motion for summary judgment. This timely appeal followed.

In his brief on appeal, Pinks reiterates his contention that he was injured as a result of defendant's employee's negligence. Defendant responds that the district court correctly concluded that plaintiff assumed the risk of injury under Ohio law when he undertook to help defendant's employee retrieve the door from an upper shelf. Upon de novo review, *see Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortgage Capital, Inc.,* 274 F.3d 1085, 1092 (6th Cir.2001), we affirm the judgment for the reasons stated by the district court in its memorandum opinion filed April 15, 2003. Essentially, plaintiff did not show a genuine issue of material fact remaining for trial with respect to whether he assumed the risk of injury in assisting a Lowe's attendant to retrieve a door from an upper shelf. *See Siglow v. Smart,* 43 Ohio App.3d 55, 539 N.E.2d 636, 640 (1987).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.